PAULY, Appellant, vs. SCHULTZ, imp., Respondent.

*April 5—June 4, 1929.*

*H. R. Neubauer* of Milwaukee, for the appellant.

*O. L. O'Boyle* of Milwaukee, for the respondent Schultz.

OWEN, J.    The defendant John J. Meyers was in the trucking business in the city of Milwaukee, and prior to

January 1, 1926, was the owner of three trucks upon which the defendant Frank C. Schultz held chattel mortgages. In the month of January, 1926, Schultz foreclosed his mortgages on two of these trucks, sold the same and bid them in at the foreclosure sale. Possession of the trucks was not taken by the defendant, but John Meyers was permitted to operate them after the foreclosure sale as before. On or about April 1, 1926, a new sale was made, this time to the defendant Mary Meyers, wife of the defendant John J. Meyers, for the sum of $6,000. Schultz gave Mary Meyers a bill of sale of the trucks. She gave him a chattel mortgage thereon to secure notes to the amount of $6,000, the purchase price of the trucks, which notes were indorsed by the defendant John J. Meyers. Meyers continued the trucking business thereafter as before. In September, 1927, John J. Meyers assigned to the defendant Schultz a land contract upon certain real estate in the city of Berlin, in consideration of which Schultz gave to Meyers his check for $2,000, payable to John J. Meyers and Mary Meyers. He insisted, however, that John J. Meyers indorse the check, hand it back to him, whereupon $2,000 was indorsed upon the notes of Mary Meyers. This action is a creditors' action brought under sec. 242.09, Stats., to set aside and to subject to payment of plaintiff's debt the land contract so assigned by Meyers and wife to Schultz.

We have adopted the Uniform Fraudulent Conveyance Act, and its provisions will be found in ch. 242, Stats. Sec. 242.04 provides that "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." Although the trial court held to the contrary, we think the evidence clearly establishes that Meyers was insolvent at the time he indorsed the note executed by his wife to Schultz in pay-

ment of these trucks. If he was not insolvent theretofore, the obligation undertaken by reason of the indorsement made him insolvent. The obligation thus assumed by him could have been set aside had an action been commenced for that purpose. The result of such proceeding is to reduce the claims which may be proved against the insolvent, thereby permitting a greater dividend to those who have *bona fide* claims against him. However, his obligation as indorser of this note has little if any bearing upon the question here presented, which is whether his assignment of the land contract to Schultz can be set aside by his creditors as a fraudulent transaction. We agree that there is a fraudulent transaction here, but we cannot agree that Schultz was a party to it, as he paid full consideration for the land contract. If we look to the substance of things, we find that Meyers was engaged in the trucking business, employing for that purpose two or three trucks, for all of which he owed Schultz, Schultz being secured by a chattel mortgage on the trucks. Schultz foreclosed on the two trucks here in question, and after securing title thereto sold them back not to Meyers but to Mrs. Meyers. Here we see the first evidence of fraud, which was the attempt on the part of Meyers to vest title to the trucks in his wife. If Meyers had paid cash for the trucks and directed Schultz to execute a bill of sale thereof to Mrs. Meyers, no one would pretend that there was any fraud on the part of Schultz, but the fraud consisted in the attempt of Meyers to vest title to the trucks in his wife in fraud of his creditors. There can be no question that under such circumstances the trucks could have been subjected to the payment of Meyers' debts. He did not pay cash for the trucks, but the substance of the transaction is the same. However, the appellant dwells upon the form rather than the substance of the transaction, and we shall proceed to consider it from that standpoint.

As already indicated, we consider that the contract of in-

dorsement was fraudulent because it tended to create a state of insolvency on the part of Meyers, and that obligation would have been canceled when it became a question of his creditors participating in his assets. It is argued that the discharge of a portion of that obligation on the part of Meyers by the assignment of the land contract makes the assignment void. However, we think there is no connection between the transaction of indorsement and the assignment of the land contract. The assignment of the land contract to Schultz cannot be set aside if Schultz paid a fair consideration therefor. So far as this transaction is concerned it is the same as though Meyers had purchased from Schultz the notes and chattel mortgages which Schultz held against Mrs. Meyers. Under such circumstances no one would attempt to say that the money thus paid could be reached in the hands of Schultz. What Meyers did here was to tender this land contract to Schultz. Schultz paid him $2,000 therefor upon the understanding that Meyers should pay $2,000 on the indebtedness of Mrs. Meyers to Schultz. We disregard the circuity of the transaction involved in the drawing, delivery, indorsement, and re-delivery of the check, and consider that Meyers assigned the land contract to Schultz upon consideration of Schultz crediting Mrs. Meyers with $2,000. Now it is plain that Schultz parted with $2,000 of his assets in consideration for this land contract. After the transaction he had the land contract, but his assets in the nature of bills receivable were reduced by the amount of $2,000. The land contract had passed out of the hands of Meyers, but its equivalent had been restored to Mrs. Meyers, who held title to these trucks with the lien upon them diminished by the amount of $2,000. That is the sum and substance of the transaction. These trucks title to which was vested in Mrs. Meyers were increased in value in the sum of $2,000, and that property was

available to the creditors of Meyers. The law permits one to buy property from a bankrupt if he pays a fair consideration therefor. Prior to the adoption of the Uniform Fraudulent Conveyance Act there was a conflict in the authorities as to whether the relinquishment of a debt owing by the seller to the buyer constituted a fair consideration. This court held that it did (*Shufeldt v. Pease,* 16 Wis. 659; *Carey v. Dyer,* 97 Wis. 554, 73 N. W. 29; *Mack v. Prang,* 104 Wis. 1, 79 N. W. 770), and this rule is written into the act. We do not know that it has ever been questioned that obligations of third persons constituted a fair consideration. So, viewing this transaction strictly with reference to its form, there is no room to hold that so far as Schultz is concerned he did not pay a fair consideration for the land contract. His title thereto is unimpeachable and beyond the reach of Meyers' creditors.

*By the Court.*—Judgment affirmed.