Ella T. Flaherty, Executrix under the Will of William Flaherty, and Ella T. Flaherty, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 79397.    Promulgated May 20, 1937.

*A. J. Aldridge, Esq.,* and *J. F. Brennan, Esq.,* for the petitioner. *Hartford Allen, Esq.,* for the respondent.

OPINION.

HARRON: The notice of deficiency, having been mailed to Ella T. Flaherty both as executrix and as an individual, seeks to impose liability upon Ella T. Flaherty as an individual for the entire amount of the deficiency assessed by respondent, and Ella T. Flaherty, as an individual, denies such liability. This Board has held that the filing of a joint return by husband and wife does not thereby make them a single taxing entity. *Frank B. Gummey*, 26 B. T. A. 894. The revenue act provides that "There shall be levied, collected and paid for each taxable year upon the net income of every *individual* a normal tax * * *." Sec. 11, Revenue Act of 1932. Section 51 of the same act requires that *individuals* in various classes file income tax returns and if a husband and wife are living together they may elect either to file an individual or a joint return. The taxing statute clearly seeks to tax the income of each individual and the provision for filing joint returns is a convenience. It has been held that "spouses are not jointly and severally liable for a deficiency arising entirely out of the separate income of one of them." *Cole* v. *Commissioner*, 81 Fed. (2d) 485; *Frank W. Darling*, 34 B. T. A. 1062. Since none of the deficiency is attributable to the income of Ella T. Flaherty she is not individually liable for any part of the deficiency. It is held that there is no deficiency in the case of Ella T. Flaherty as an individual.

William Flaherty, deceased, failed to report income from his law practice in the net amount of $98,530.19. All of the other corrections made by the respondent also relate to the taxable net income of William Flaherty, deceased, and no evidence has been presented to overcome the respondent's determination. The estate of William Flaherty, deceased, is therefore liable for the deficiency assessed.

*Decision will be entered under Rule 50.*