CELIA SEDER, EXECUTRIX, ESTATE OF ABRAHAM SEDER, DECEASED, AND CELIA SEDER, SURVIVING WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84934. Promulgated October 13, 1938.

*Charles H. Sachs, Esq.*, for the petitioners.
*Arthur Carnduff, Esq.*, and *C. Chester Guy, Esq.*, for the respondent.

## OPINION.

HILL: In the deficiency letter addressed by respondent to petitioners under date of March 3, 1936, it is stated "that the determination of the income tax liability of A. Seder, deceased, and Mrs. Celia Seder for the taxable year 1933 discloses a deficiency of $1,336.66" computed on the basis of a joint return filed by decedent and his wife.

In their appeal from respondent's determination, petitioners assigned as error, (a) the action of respondent "in disallowing a loss of $32,357.50 incident to the sale of 800 shares of National Depart-

ment Stores, Inc., stock;" and (b) the action of respondent "in attempting to make an assessment against Mrs. Celia Seder, indi-vidually, wife of decedent, for an alleged tax liability of her husband, the decedent." Respondent denied the alleged errors. At the hearing counsel for petitioners stated that evidence was not available to establish the cost of the stock involved in issue (a), and that that portion of the appeal was abandoned. Thereupon, counsel for respondent moved for judgment against the estate of Abraham Seder *in the amount stated in the notice of deficiency*, on the ground that only issue (a) in any wise affected the tax liability of the estate.

The presiding Board Member granted such motion of the respondent, without objection by petitioners, and stated that decision would be entered against the estate *for the amount of the deficiency determined by respondent*. Since respondent asserted joint and several liability against both petitioners, the granting of the motion directed an entry of judgment against the estate in the full amount of the deficiency. However, the action of the presiding Board Member was clearly predicated upon the theory, there urged by respondent and apparently tacitly conceded by petitioners, that issue (b) did not involve the tax liability of the decedent's estate. The conclusions stated hereinbelow demonstrate that such theory was erroneous as a matter of law. Accordingly, the amount of the tax liability of the estate of Abraham Seder will be redetermined in accordance with this opinion, and judgment entered under Rule 50.

The parties stipulated the facts. During the calendar year 1933 Abraham Seder and Celia Seder were husband and wife, living together and maintaining a household. They were entitled to credit for two dependents. Abraham Seder died during the month of August 1934, and Celia Seder is "executrix" of his estate.

For the calendar year 1933, Abraham Seder and Celia Seder timely filed a joint Federal income tax return, signed by the husband and not by the wife, wherein there were reported as total income of Celia Seder the following items:

| | |
|---|---:|
| Dividends on stock of American Telephone & Telegraph Co | $51.25 |
| Interest on Liberty Bonds, 4½% | 828.75 |
| Dividends, Liberty-6, Inc | 278.12 |
| Dividends, Marbridge Building Co. Inc | 300.00 |
| Total | 1,458.12 |

In determining the deficiency here at issue respondent increased the income of Celia Seder by the following items:

| | |
|---|---:|
| Interest, Union Savings Bank | $421.46 |
| Interest from Liberty-6, Inc., a business corporation | 213.61 |
| Additional interest on Liberty Bonds | 415.02 |
| Total | 1,050.09 |

The issue in this case presents a single, clear-cut question of law, namely, whether a husband and wife who filed a joint Federal income tax return are by reason of that fact jointly and severally liable for any tax due thereon, or whether each is liable only for his or her part of the total tax apportioned on the basis of the net income attributable to each, where a correct and equitable basis for such apportionment is established.

In *Charles A. Rogers*, 38 B. T. A. 16, we held that where a husband and wife did not disclose in their joint returns the income deductions attributable to each and at the hearing offered no proof to establish a basis for allocation of the deficiencies and penalties, and it further appeared that they kept no records from which the facts essential to the making of such allocations could be ascertained, they were jointly and severally liable. The decision of the United States Circuit Court of Appeals for the Fifth Circuit in *Anderson* v. *United States*, 48 Fed. (2d) 201, was based upon a similar factual situation. It is too obvious to require discussion that those and other like cases are not, under the facts, applicable or controlling here, where the record clearly establishes an equitable basis for allocation.

A husband and wife do not become a single "taxing entity" and as such "the taxpayer" because they have elected to file a joint return. In such case they constitute a tax computing unit, but not a taxable or tax paying unit. In filing a single joint return they lose none of the rights they would possess if they had filed separate returns. *Frank B. Gummey*, 26 B. T. A. 894; *Charles F. Fawsett*, 31 B. T. A. 139.

The statute provides only that a husband and wife living together, if they come within the provisions requiring the making of returns, shall each make a return, or the income of each shall be included in a single joint return, "in which case the tax shall be computed on the aggregate income." Sec. 51 (b) (1), (2), Revenue Act of 1932. Sections 11 and 12 respectively levy a normal tax and a surtax "upon the net income of every individual." The term "taxpayer" means any person subject to a tax imposed by the act, and the term "person" includes an individual. Sec. 1111 (a) (1), (14). Hence, within the statutory definitions, a husband and wife, even though they file a single joint return, are nevertheless separate taxpayers, since they are separate individuals, and persons subject to a tax imposed by the act.

In *Cole* v. *Commissioner*, 81 Fed. (2d) 485, reversing 29 B. T. A. 602, the Circuit Court of Appeals for the Ninth Circuit held that, although the deceased husband and wife filed a joint return, the husband's estate was not liable for a deficiency tax where the deficiency was attributable to the wife's, rather than the husband's, in-

come. The precise question presented in the instant case was discussed in the cited case, and it was held that the tax should be apportioned to the husband and wife according to the income attributable to each, a basis for such allocation having been established. In laying down this doctrine the court, after quoting with approval from the Board's opinion in the *Gummey* case, *supra*, said:

One of the fundamental principles of taxation is that the incidence of a tax should be in accordance with the ability to pay. In income taxation, this means that the tax should be levied in proportion to income. That is all which the petitioner herein asks. If this cardinal principle is followed, justice will be done.

We do not believe that what the Commissioner terms the "unusual privilege" of filing a joint return was bought by the taxpayers herein, in the language of *Fawsett* v. *Commissioner*, "by the sacrifice of their other rights"—one of those rights being an equitable apportionment of their tax liability according to their ability to pay.

We have subsequently followed the *Cole* decision in *Frank W. Darling*, 34 B. T. A. 1062, and *Ella T. Flaherty*, 35 B. T. A. 1131.

On authority of the cited decisions, we hold that the total deficiency tax, the amount of which is not in controversy, should be apportioned between the estate of Abraham Seder, the deceased husband, and his surviving wife, Celia Seder, according to the net income attributable to each, which amounts may be determined from the facts stipulated by the parties and set out hereinabove.

There remains for consideration one further contention urged by petitioners, i. e., that petitioner Celia Seder is entitled to apply, as a credit against her net income, the personal exemption of $2,500. This contention must be denied.

Section 25 (c) of the Revenue Act of 1932 allows such exemption to a married person living with husband or wife, but further provides that,

A husband and wife living together shall receive but one personal exemption. The amount of such personal exemption shall be $2,500. If such husband and wife make separate returns, the personal exemption may be taken by either or divided between them.

Thus, the statute grants a right of election with respect to the credit for the personal exemption only in the case of a husband and wife making *separate returns*. Furthermore, such right of election may be exercised only at the time of the filing of the returns, not afterwards. Cf. *Automobile Loans, Inc.*, 36 B. T. A. 809; *William A. Webster Co.*, 37 B. T. A. 800; *Haggar Co.*, 38 B. T. A. 141.

*Judgment will be entered under Rule 50.*