GEORGE W. SCHOENHUT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

OTTO SCHOENHUT AND MINNIE SCHOENHUT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 100583, 100584. Promulgated November 25, 1941.

*Philip Dechert, Esq.*, for the petitioners.
*Paul E. Waring, Esq.*, for the respondent.

OPINION.

SMITH: The principal question presented by this proceeding is whether or not the petitioners sustained deductible losses in 1937 upon their investments in shares of common stock of the Schoenhut Co. The respondent has disallowed the claimed loss deductions upon the ground, as stated in his deficiency notices, that the shares of stock became worthless prior to 1937. The burden of proof is upon the petitioners to show otherwise. They contend that the "identifiable event" which fixed the loss occurred in 1937, at which time the Schoenhut Co. lost all of its properties as a result of the foreclosure sale of the remaining assets of the bankrupt in that year. They further contend that the cost and replacement value of the company's real estate and buildings, which were not sold until 1937, were several times greater than the outstanding liabilities of the company and that if the market for industrial properties had returned to normal during the years 1936 and 1937 they would have been able to receive something upon their investments in the common stock of the company.

It should be noted that the petitioners were owners of the common stock of the Schoenhut Co. and not of the preferred stock. The evidence does not disclose whether the preferred stockholders were preferred as to assets upon any liquidation of the company. The preferred stock was outstanding in the face amount of $115,500.

The question as to whether a loss upon worthlessness of stock is sustained in a taxable year is a question of fact, to be determined from all of the facts in the case. The Board and the courts have many times recognized that the stock of a corporation in financial difficulties may become worthless long prior to the taxable year in which the corporation finally disposes of its assets. Thus in *Sterling Morton*, 38 B. T. A. 1270, 1279; affd., 112 Fed. (2d) 320, the Board said:

There are, however, exceptional cases where the liabilities of a corporation are so greatly in excess of its assets and the nature of its assets and business is such that there is no reasonable hope and expectation that a continuation of the business will result in any profit to its stockholders. In such cases the stock, obviously, has no liquidating value, and since the limits of the corporation's future are fixed, the stock, likewise, can presently be said to have no potential value. Where both these factors are established, the occurrence in a later year of an "identifiable event" in the corporation's life, such as liquidation or receivership, will not, therefore, determine the worthlessness of the stock, for already "its value had become finally extinct." *De Loss* v. *Commissioner, supra,* at 803. Cf. *Squier* v. *Commissioner, supra; Monmouth Plumbing Supply Co.* v. *United States,* 4 Fed. Supp. 349. In cases where the stock has concededly lost any liquidating value in a certain year, but an event occurs in a subsequent year which the taxpayer claims is "identifiable," and where the Commissioner of Internal Revenue has determined that stock became worthless in the year in which it lost its liquidating value, then the taxpayer, in order to be entitled to the loss deduction in the latter year, has the burden of proving that, although the stock lost its liquidating value in the prior year, it continued to have a potential value until the occurrence of the event. This we consider to be implicit in the rule stated in *Mark D. Eagleton,* 35 B. T. A. 551; affd., 97 Fed. (2d) 62, and *John J. Flynn,* 35 B. T. A. 1064. Cf. *William E. Steinbach,* 30 B. T. A. 1252.

Applying these principles to the instant case, we find that petitioner's common stock apparently had no present value as early as the spring of 1930. * * *

In our opinion the Schoenhut Co. was insolvent prior to 1936. The court which had jurisdiction of the case so determined and we see nothing in the evidence which would indicate otherwise.

The situation presented by these proceedings is much the same as that which obtained in a case which arose in the United States District Court for the Eastern District of Pennsylvania in *In re Hoffman*, 16 Fed. Supp. 391. The question there was whether Hoffman, a stockholder in the Franklin Trust Co., sustained a loss in 1932 or in 1931, in the earlier of which years the Secretary of Banking for the Commonwealth of Pennsylvania ordered that the Franklin Trust Co. be liquidated. In its opinion the District Court said:

The question is whether the fact that a bank is closed by the authorities (without a finding of insolvency) and liquidation ordered in a given year establishes the worthlessness of the stock as of that year.

What was said by Judge Dawson in *Wesch* v. *Helburn* (D. C.) 5 F. Supp. 581, is applicable to this situation:

> "Taxation is eminently a practical matter, and a reasonable and practical construction should be given to section 23 (e). In *Lucas* v. *American Code Company*, 280 U. S. 445, 50 S. Ct. 202, 203, 74 L. Ed. 538 [67 A. L. R. 1010], it is declared: 'The general requirement that losses be deducted in the year in which they are sustained·calls for a practical, not a legal, test.'
>
> "In discussing a similar provision of the 1918 act, the Supreme Court of the United States, in the case of *United States* v. *S. S. White Dental Manufacturing Company*, 274 U. S. 398, 47 S. Ct. 598, 600, 71 L. Ed. 1120, used this language: 'The statute obviously does not contemplate and the regulations (article 144) forbid the deduction of losses resulting from the mere fluctuation in value of property owned by the taxpayer. \* \* \* But with equal certainty they do contemplate the deduction from gross income of losses, which are fixed by identifiable events.' "

To say that stockholders of a bank which has been closed by order of the authorities and ordered liquidated do not sustain a loss upon their stock until some subsequent date when liquidation finally takes place, or until the official appraisement of the bank's assets, seems to me to be losing touch with reality. It is just conceivable that cases might arise in which some realization could be had by the stockholders in the long future. As a practical matter, however, the business world never remotely considers that contingency. To all intents and purposes the stock of a bank becomes unsalable at any price when the bank is taken over and liquidation begins.

The government's position that the loss occurred in the year in which the bank was closed is in accordance with the general practice of the Department. There is no formal regulation, and it would not be controlling if there were, but it is certainly a sensible, practical rule and in accordance with actual facts. I therefore hold that the bankrupt's loss in the Franklin Trust Company stock was sustained in the year 1931 and not in the year 1932.

The decision of the District Court in that case was affirmed *per curiam* by the United States Circuit Court of Appeals for the Third Circuit, 87 Fed. (2d) 200.

As in that case, so in the instant proceedings, we think that the claim of the petitioners loses "touch with reality." For all practical purposes the common stock of the Schoenhut Co. was worthless in 1935, if not in prior years. The record shows that there had never been any sales of the common or preferred shares of the Schoenhut Co. after 1933, so far as the witnesses knew. The company had not been able to operate after the beginning of 1935. Its liquid capital was all gone. Although the plant represented a large investment, there was no means of realizing upon it. The stock was worthless in 1935 and nothing occurred in later years to give it any value. Cf. *Welsh* v. *Helvering*, 290 U. S. 111; *Burnet* v. *Houston*, 283 U. S. 223; *Sterling Morton, supra.* We approve the action of the respondent in disallowing the claimed deductions.

Petitioners Otto Schoenhut and Minnie Schoenhut claim that they are liable for deficiencies in income tax only in accordance with the

net income of each reported in the joint return and that the deficiencies must be determined against each separately. In support of this contention they cite *Cole* v. *Commissioner* (C. C. A., 9th Cir.), 81 Fed. (2d) 485; reversing 29 B. T. A. 602.

In its opinion in *Frida Hellman Cole, Executrix*, 29 B. T. A. 602, the Board held that, where a joint return representing the combined gross income and deductions therefrom of husband and wife is duly filed, the election granted under section 51 of the Revenue Act of 1928 is exhausted and the tax liability thereunder is a joint obligation of husband and wife. In our opinion we stated:

* * * It is now well established that the right of election granted in section 51 of the Revenue Act of 1928 and in similar provisions of prior acts is exhausted when a joint return is filed. *McIntosh* v. *Wilson*, 36 Fed. (2d) 807; *Herman Einstein*, 10 B. T. A. 240.

As above indicated, the United States Circuit Court of Appeals for the Ninth Circuit reversed our decision in that case. We followed the Ninth Circuit in *Frank W. Darling*, 34 B. T. A. 1062; *Ella T. Flaherty, Executrix*, 35 B. T. A. 1131; and *Celia Seder, Executrix*, 38 B. T. A. 874. In the last cited case we said:

On authority of the cited decisions, we hold that the total deficiency tax, the amount of which is not in controversy, should be apportioned between the estate of Abraham Seder, the deceased husband, and his surviving wife, Celia Seder, according to the net income attributable to each, which amounts may be determined from the facts stipulated by the parties and set out hereinabove.

In *Helvering* v. *Janney*, 311 U. S. 189, the Supreme Court held that in joint returns for 1934 under section 117 (d) of the Revenue Act of 1934 the gain from the sale of capital assets by one spouse may be offset by the loss from the sale of similar assets by the other spouse. In its opinion the Supreme Court cited Solicitor's Opinion 90, Cumulative Bulletin IV (1921), p. 236, in which it was said:

* * * If a single joint return is filed it is treated as the return of a taxable unit and the net income disclosed by the return is subject to both normal and surtax as though the return were that of a single individual. In cases, therefore, in which the husband or wife has allowable deductions in excess of his or her gross income, such excess may, if joint return is filed, be deducted from the net income of the other for the purpose of computing both the normal and surtax.

We think that this opinion requires us to adhere to the position taken by the Board in *Frida Hellman Cole, Executrix, supra*. Petitioners Otto Schoenhut and Minnie Schoenhut filed a single joint return for 1937. They appealed to this Board from the determination of a deficiency made against them jointly by the respondent upon their joint income tax return for 1937. The respondent did not determine a deficiency due from either of the parties individually but a deficiency due from the two of them. We do not think upon the basis of the opinion of the Supreme Court in *Helvering* v. *Janney, supra*, that the Board

is authorized to determine a deficiency against each "according to the net income attributable to each." The deficiency was determined by the Commissioner against the two jointly. We approve his determination.

In *Moore v. United States*, 37 Fed. Supp. 136, the United States Court of Claims had before it the question, as stated by the court:

\* \* \* whether, under the Revenue Act of 1932, a wife, having no taxable income of her own but a considerable net loss, is liable for the income tax originally assessed and for a deficiency assessed upon the aggregate taxable income of herself and her husband, she having made no separate income-tax return, and her husband having made a joint return of the incomes and losses of both, with no separation of the items of income and loss as between himself and his wife shown on the return. \* \* \*

The court held, relying upon *Helvering v. Janney, supra,* and *Taft v. Helvering,* 311 U. S. 195, that the wife was liable for the income tax originally assessed and for a deficiency assessed upon the aggregate taxable income of herself and her husband. The court pointed out that under the Revenue Act of 1938 and later acts, section 51 (b) of the Revenue Acts of 1932, 1934, and 1936 was clarified to expressly provide that where a joint return is filed a husband and wife are jointly and severally liable for the tax liability for that year. The court held, in reliance upon the Committee Report of the House recommending the change, that:

\* \* \* It would not be a wise process of construction to treat the action of a legislature in clarifying a statute as an acquiescence in the contention that the statute had a different meaning before the clarifying change was made.

The court therefore held that the Revenue Act of 1932 was to be given the same construction upon the point involved as would be given to the Revenue Act of 1938 and later acts. The Supreme Court denied a writ of certiorari in this case on October 13, 1941.

In view of the opinions of the Supreme Court in the *Janney* and *Taft* cases and of its action in denying a writ of certiorari in the *Moore* case, the rulings made by the Board in the *Darling, Flaherty,* and *Seder* cases, *supra,* will not be followed in the future.

Reviewed by the Board.

*Decisions will be entered for the respondent.*

ARUNDELL dissents on the second point.