**UNITED STATES v. ROSEBUSH et al.**

Civil Action No. 5079.

District Court, E. D. Wisconsin.
June 26, 1942.

George H. Zeutzius, Sp. Asst. to Atty. Gen., for plaintiff.

David L. Fulton, of firm of Benton, Bosser, Becker & Parnell, of Appleton, Wis., for defendants.

SCHWELLENBACH, District Judge.

This matter is before the court now on the amended complaint against the additional defendant. Judgment upon the original complaint against defendant, in the amount of $37,220.85, has been entered. The purpose of this phase of this action is to subject certain securities now owned and held by the additional defendant to execution under the previously entered judgment. The defendant and additional defendant are husband and wife. The judgment against the defendant is based upon a deficiency assessed against him for income taxes due for the calendar year 1928. The return for that year was signed by the defendant and designated by him as a joint return. No deficiency was ever assessed against the additional defendant. The matter went to the Board of Tax Appeals after the assessment of the deficiency. On October 16, 1933, it upheld the position of the Commissioner of Internal Revenue. The assessment appeared on the Commissioner's February, 1934, assessment list. This list was received by the Collector at Milwaukee on February 18, 1934. On February 27, 1934, written notice and demand for payment was served upon the defendant. The second notice was served on March 23, 1934. On April 14, 1934, a warrant for distraint was issued. On April 20, 1934, a notice of tax lien was filed and recorded with the Register of Deeds for Outagamie County, at Appleton, Wisconsin. On December 17, 1934, a similar notice of tax lien was filed with the Register of Deeds in Iron County, Michigan. From time to time between April 30, 1934, and January 15, 1936, under arrangements with the Collector of Internal Revenue at Milwaukee, the defendant paid on the tax liability amounts ranging from $100 to $200 a month.

In 1932 the defendant borrowed from the Northern Paper Company the sum of $250,000, and as security therefor deposited with the company stocks and other securities, owned by the additional defendant, which at that time had a fair value of $220,000. On October 7, 1935, the Northern Paper Company foreclosed its pledge, sold all of the securities so deposited, and took a deficiency against the defendant in the amount of $100,000. On the same day

the defendant transferred to the additional defendant the stocks and securities which are the subject matter of this phase of the action. He also executed to her a promissory note in the amount of $194,000. The evidence does not disclose the domicile of any of the corporations whose stocks were delivered. As to some of the corporations, the certificates were surrendered to the issuing corporations and new certificates were issued in the name of the additional defendant. The others were endorsed in blank and transferred by the defendant from his portfolio to his wife's portfolio in their joint safety deposit box. The evidence discloses that the accounts of each of the parties were kept in journals and that entries were made in the journals as to the transfer of title of these securities. It is not disputed that from as far back as 1910 the defendant transacted all of the additional defendant's business, acting under a very broad power of attorney executed to him by her on May 28, 1910. The status of the securities thus transferred on October 7, 1935, has remained unchanged with one exception. Included among the stocks was that of the Exchange National Bank of Spokane, Washington. An assessment had been levied against that stock while the bank was in receivership. The shareholders' agent of that bank is paying dividends to the shareholders. The defendant was indebted to the Investment and Securities Company of Spokane, Washington, in the approximate amount of $77,000. On July 27, 1937, he assigned his claim against the shareholders' agent of the Exchange National Bank to the Investment and Securities Company, subject to the right, if any, of the United States Government under the tax lien involved here. The evidence does not disclose what procedure was adopted by which the defendant regained control over this claim; nevertheless he exercised it in his own name, and it is clear that funds which may be received from the shareholders' agent belong either to the plaintiff or to the Investment and Securities Company of Spokane, Washington.

■■■ The lien of the tax arose with the filing of the assessment list with the Collector of Internal Revenue at Milwaukee on February 18, 1934. Sec. 3186, Rev. Stat., as amended by Sec. 613, Revenue Act 1928, Sec. 509, Revenue Act 1934, 26 U.S. C.A. Int.Rev.Code, § 3671. It became effective as against mortgagee, purchaser, or judgment creditors when filed and recorded with the Register of Deeds for Outagamie County, Wisconsin, on April 20, 1934. Idem. However, by the amendment of June 29, 1939, such lien was not valid with respect to a security "as against any mortgagee, pledgee, or purchaser, of such security, for an adequate and full consideration in money or money's worth, if at the time of such mortgage, pledge, or purchase such mortgagee, pledgee, or purchaser is without notice or knowledge of the existence of such lien." 26 U.S.C.A. Int. Rev.Code, § 3672(b) (1). The additional defendant, in her verified answer, denied that she had notice of the lien on October 7, 1935. She did not testify at the trial. The defendant did testify that he had no knowledge of the filing of the notice of lien with the Recorder of Deeds until after January, 1936. Plaintiff submitted no testimony on this point. Plaintiff's counsel conceded, in oral argument upon inquiry by the court, that plaintiff had the burden of proof upon this question. That being true, a finding must be made that there is no proof that the additional defendant had such knowledge at the time of the transfer of the securities.

■■■ Plaintiff's position is that it is entitled to subject these securities to its judgment on the theory that the additional defendant was liable for the amount of the deficiency assessment, this because the husband filed a joint return. The plaintiff contends that a joint return by the husband creates joint and several liability as against both the husband and the wife. In 1938 the Congress recognized the desirability of such a contention by amending the law to so provide. 52 Stat. 447, 476, 26 U.S. C.A. Int.Rev.Code, § 51. The Supreme Court in Helvering v. Janney, 311 U.S. 189, 61 S.Ct. 241, 85 L.Ed. 118, 131 A.L.R. 980, and Taft v. Helvering, 311 U.S. 195, 61 S.Ct. 244, 85 L.Ed. 122, in passing upon related questions, used language from which it could almost conclusively be assumed that if the problem were before the court, it would so hold. Relying upon the language of the two decisions, the Board of Tax Appeals in Schoenhut v. Commissioner, 45 B.T.A. 812, 821, and the Court of Claims in Moore v. United States, 37 F.Supp. 136, 137, abandoned the rule against joint and several liability which had been enunciated by the Circuit Courts of Appeals in Crowe v. Commissioner, 7 Cir., 86 F.2d 796; Sachs v. Commissioner,

6 Cir., 111 F.2d 648; Cole v. Commissioner, 9 Cir., 81 F.2d 485, 104 A.L.R. 420; and Commissioner 'v. Rabenold, 2 Cir., 108 F.2d 639. The Court of Claims and the Board of Tax Appeals are privileged to take this position; they are justified in so doing in the light of the language of the Supreme Court in the Taft and Janney cases. However, this precise question was presented to the Circuit Court of Appeals for the Seventh Circuit and it decided adversely to the plaintiff's position here. Crowe v. Commissioner, supra. It does not lie within my province, sitting in a District Court within the Seventh Circuit, to do other than to follow that decision. The Crowe case is binding upon this court until it has been overruled by the court which decided it or until the Supreme Court specifically has decided otherwise.

■ Furthermore,. the sustaining of plaintiff's position on this question would avail the plaintiff nothing. There never was a deficiency assessment against the additional defendant. The statutory period within which such an assessment could have been levied is three years after the filing of the return. 26 U.S.C.A. Int.Rev.Code, § 275(a). Furthermore, this is not an action for the purpose of establishing a liability for a judgment on, the deficiency against the additional defendant. Nowhere in either the complaint or the amended complaint is it alleged that the additional defendant owed the amount of this tax. So far as the additional defendant is concerned, this is a discovery action having as its purpose the subjection of the involved securities to execution under the judgment against the defendant.

■ There remains for decision only the question whether the additional defendant was protected in her rights to these securities by virtue of having received them without notice of the lien. Is she a purchaser without notice or knowledge of the existence of the lien, as contemplated by the statute? 26 U.S.C.A. § 3672(b) (1). To be within this classification, she must be a bona fide purchaser. United States v. Maniaci, D.C., 36 F.Supp. 293; Report of Committee on Ways and Means, House of Representatives, 76th Cong., 1st Session, No. 855, p. 26. Since the word "purchaser" is not defined by the statute, this court must turn to the State law in determining its meaning. Metropolitan Life Ins. Co. v. United States, 6 Cir., 107 F.2d 311; MacKenzie v. United States, 9 Cir., 109 F.2d 540. The relinquishment of a debt by the seller constitutes a consideration. Pauly v. Schultz, 199 Wis. 107, 225 N.W. 745. The term "purchaser" embraces every person to whom any interest or estate shall be conveyed for a valuable consideration. Butler v. Bank of Mazeppa, 94 Wis. 351, 68 N.W. 998. A valuable consideration may consist in either some right, interest, profit, or benefit accruing to one party or some forbearance, detriment, loss or responsibility given, suffered, or undertaken by the other. Onsrud v. Paulsen, 219 Wis. 1, 261 N.W. 541. The transfer of possession of the stock, although unrecorded on the books of its issuing corporation, conveys the interest of the holder. 13 Amer.Juris. 427. The essence of the transfer is the intent of the owner to transfer the title and ownership. To determine this intent the court is entitled to take into consideration the circumstances surrounding the transaction. Holmes v. Holmes, 182 Wis. 163, 196 N.W. 248.

■ There can be no doubt in this case that the defendant did on October 7, 1935, transfer to the additional defendant all of the stock and securities mentioned in the plaintiff's bill of complaint and the stipulation of facts filed with the court, with the exception of the certificate of assessment of the Exchange National Bank of Spokane, Washington. Consequently this action as against the additional defendant must be dismissed as to all of the stock and securities, except that particular certificate. The dividends of that certificate are the subject of litigation in another case, so as to them all that can be done is to exclude them from the judgment to be entered herein.