BISHOP, Respondent, vs. GENZ, imp., Appellant.

*May 8—June 6, 1933.*

*L. E. Vaudreuil* of Kenosha, for the appellant.

*Geo. W. Taylor* of Kenosha, for the respondent.

WICKHEM, J. This appeal presents two very narrow issues, and the answer to neither is in serious doubt.

(1) From what time does the statute of limitations run against a guarantor of payment? It is elementary that a statute of limitations begins to run against a remedy at the time when the cause of action accrues, and that "a cause of action accrues where there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it." *Barry v. Minahan,* 127 Wis. 570, 107 N. W. 488. Under the terms of this guaranty a right of action was perfect in the plaintiff against the defendant Genz at the maturity of the note and without notice. "A guaranty of the payment of a note or debt is an absolute undertaking on the part of the guarantor for a valuable consideration, to pay the debt at maturity in case the principal debtor does not; and the guarantee in such case may sue the guarantor at once if the debt is not paid at maturity." *Day v. Elmore,* 4 Wis. *190, 214. The result would not be different if this were to be treated as a commercial indorsement, with notice of dishonor waived. This being true, the statute commenced to run in favor of the guarantor at the maturity of the note. The fact that his promise was to pay at maturity or any time thereafter is of no consequence. He could be sued at maturity. The question whether the running of a statute of limitations against the principal bars the remedy against the surety has no relevancy here. The cases raising that question are those in which, due to various circumstances, the statute has not completely run as to the guarantor at the time when the remedy against the principal is barred. In

cases of guarantee of payment at maturity, the statute of limitations begins to run against both remedies at maturity, and unless a longer period is prescribed by statute in the case of the surety, both remedies are barred on the same date. The obligation of the surety is extinguished not because the statute has limited the cause of action against the principal, but because it has run against that of the surety.

(2) The only remaining question is whether the payment of interest by the principal obligor operated to toll the statute and to keep alive the obligation. It was the common-law rule that a payment made upon a note by the principal debtor before the completion of the bar of the statute served to keep the debt alive, both as to principal and the surety. *Cross v. Allen,* 141 U. S. 528, 12 Sup. Ct. 67, 35 Lawy. Ed. 843. The reason given for this result is said to be, not that one is a principal and the other a surety, but that both are usually joint promisors. *Regan v. Williams,* 185 Mo. 620, 84 S. W. 959, 105 Am. St. Rep. 600. However, in a number of states, including Wisconsin, statutes have been passed to the general effect that payments by one of two or more joint contractors shall not cause the other to lose the benefits of the limitation. See sec. 330.47, Stats.

In *Coleman v. Ward,* 85 Wis. 328, 55 N. W. 695, it was held that under sec. 4248, R. S. (sec. 330.47), the statute was not tolled by payments made by a codebtor who was in fact a principal, as against a codebtor who was a surety, unless the payment was made at the direction or request of the surety. To the same effect are the cases of *State Bank of West Pullman v. Pease,* 153 Wis. 9, 139 N. W. 767, and *Bergmann v. Roll,* 195 Wis. 120, 217 N. W. 746, in which this court held that "if payment by one of a number who are jointly liable does not toll the statute as to those liable with him, it certainly cannot do so when the payor is one of a number who are severally liable." The foregoing was said with reference to the liability under the statute of limitations

of the guarantor of a note. It follows that the running of the statute against the defendant guarantor was not interrupted by the interest payment, and that the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.