ONSRUD, Executrix, Respondent, vs. PAULSEN, Appellant.

*June 4—June 24, 1935.*

The cause was submitted for the appellant on the brief of *J. Henry Bennett* of Viroqua, and for the respondent on that of *D. M. Langve* of Westby, attorney, and *C. W. Graves* of Viroqua of counsel.

MARTIN, J. The facts are not in dispute. On December 10, 1919, the defendant and his wife borrowed the sum

of $1,150 from Mrs. O. L. Onsrud, a sister of the defendant, Peter A. Paulsen, and gave their promissory note therefor, payable two years after date, bearing interest at the rate of six per cent per annum. Thereafter certain payments aggregating $244 were made to apply on said note, the last payment being made on August 27, 1926.

Mrs. Onsrud, the payee, died intestate in the year 1923. She had no children and left her husband as her sole heir. At the time of her death she and her husband resided in Minneapolis, Minnesota. The Minnesota statute, sec. 8720, relating to the descent and distribution of property, provides:

"If there is no surviving child and no lawful issue of any deceased child, and the intestate leaves a surviving spouse, then the whole estate shall descend to such spouse."

It appears that following the death of Mrs. Onsrud the defendant, Peter A. Paulsen, made four payments on this $1,150 note, said payments being a part of the $244 above mentioned. Mr. O. L. Onsrud remarried on May 25, 1929. It is conceded that there was no administration of the estate of Mrs. Onsrud, the payee in said note.

On August 25, 1927, the amount due on the note, including accrued interest, was $1,365. The defendant knew that there had been no administration of his sister's estate and that her husband was the sole heir. He wanted a further extension of time for payment of the amount due. It was thereupon arranged to extend the time for payment for three years, the defendant to give his personal note to O. L. Onsrud in the sum of $1,365, that being the amount due as of said date; the note to bear interest at the rate of six per cent per annum. Upon the execution and delivery of said note by defendant, Mr. Onsrud canceled and surrendered the original note. Thereafter the defendant paid the interest accruing on said note for four consecutive years.

O. L. Onsrud died on May 25, 1933, leaving his widow, the plaintiff in this action, surviving. She brings this action

in her capacity as executrix of her husband's estate, which includes the note in question.

The only defense made is alleged want of consideration. The trial court held that this defense was not sustained by the evidence, and ordered judgment in plaintiff's favor in the sum of $1,653.55, including principal, interest, and costs.

While it is true on elementary legal principles that the legal title to the original $1,150 note did not vest in Mr. Onsrud upon the death of his wife, there having been no administration of the wife's estate, nevertheless said note was due and payable. Mr. Onsrud had possession of it. As surviving husband he was the sole heir and had the legal right to qualify himself as administrator and bring suit to enforce collection of said note. He was the beneficial owner of the note. There is no proof as to the interest of any creditors, and at the time this action was commenced on December 14, 1933, the statute of limitations would have run on the original note, the last payment thereon having been made on August 27, 1926.

Appellant's contention that there was no consideration for the note in suit cannot be sustained. 1 Page, Contracts (2d ed.), § 514, defines consideration:

"A valuable consideration in the sense of the law may consist either in some right, interest, profit, or benefit, accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other."

In Restatement, Contracts, § 75, the definition of consideration is stated:

"(1) Consideration for a promise is
"(a) An act other than a promise, or
"(b) A forbearance, or
"(c) The creation, modification or destruction of a legal relation, or
"(d) A return promise, bargained for and given in exchange for the promise."

A consideration may consist of a benefit to the promisor or a detriment to the promisee. *Drovers' Deposit National Bank v. Tichenor,* 156 Wis. 251, 145 N. W. 777. In *Park Falls State Bank v. Fordyce,* 206 Wis. 628, 635, 238 N. W. 516, 518, discussing consideration, the court said:

"The trial court referred to the consideration supporting the final transaction as a 'moral consideration.' The plaintiff strenuously contends that for a moral consideration to be sufficient to support an executory promise, there must have been a pre-existing legal obligation to do the thing promised which for some reason, as the statute of limitations, discharge in bankruptcy, or the like, is unenforceable. But the rule is not so narrow. It is true that there are numerous cases holding that a mere moral consideration will not support a promise to pay. But it is equally true that there are numerous cases holding a moral consideration sufficient where the promisor originally received from the promisee something of value sufficient to arouse a moral as distinguished from a legal obligation. One ought, in morals, to make return for things of value not intended as a gift that he has accepted, and he ought in morals to do what he knowingly and advisedly gave one acting for his benefit and to his own hurt to understand he would do. While many cases state the rule as contended by plaintiff's counsel, that it is too narrow appears from consideration of the universally accepted rule that the promise of an adult to pay for goods purchased during minority is enforceable. Here there was originally no legal obligation. We believe that in none of the cases stating the rule so narrowly did the promisor originally receive from the promisee a thing of value for which the promisee expected payment and was given to understand he would be paid unless the original transaction was against public policy. . . . 'The rule seems to be that a subsequent promise founded . . . on value previously had from the promisee is binding.' "

The forbearance of a legal right, as in this case Mr. Onsrud's right to qualify himself as administrator of his wife's estate, and to immediately bring action as such administrator against the defendant to enforce collection of the original

note, and the granting of an extension of three years for payment of the amount due, constitutes a good and sufficient consideration for the note in suit. *Harris v. Petersen,* 196 Wis. 310, 220 N. W. 174; *J. R. Watkins Co. v. Beyer,* 203 Wis. 397, 408, 230 N. W. 615, 233 N. W. 442.

In *Union & Planters' Bank of Memphis v. Jefferson,* 101 Wis. 452, 77 N. W. 889, 891, the plaintiff bank held three certain notes executed by one J. W. Jefferson. Mr. Jefferson died intestate leaving the defendant, his brother, and two nephews his only heirs at law. Upon the appointment of an administrator of the estate, the plaintiff bank surrendered to said administrator the notes it held executed by the deceased in exchange for notes given by the heirs of the deceased for like amount to said bank. Two of the notes were paid. The third note for $1,200 was not paid when due, and in the action brought to recover the amount due, the defendant, among other defenses, pleaded want of consideration. The court said:

"As to the defense of lack of consideration, it is sufficient to say that the original note of J. W. Jefferson was canceled and surrendered by the bank when it received the note of the defendant and Pearson, and that this constituted a sufficient consideration. In addition to this, it seems clear that the same facts which estop the defendant from pleading mutual mistake will also estop him from pleading want of consideration."

The trial court rightly directed judgment for the plaintiff.
*By the Court.*—Judgment affirmed.