ALBRIGHT, Respondent, vs. WEISSINGER, Defendant: GOTFREDSON, Appellant.

*April 17—July 7, 1941.*

For the appellant there were briefs by *Wood, Warner & Tyrrell* of Milwaukee, and oral argument by *Richard H. Tyrrell* and *John K. Wood.*

*Charles D. Ashley* and *George A. Gessner,* both of Milwaukee, for the respondent.

The following opinion was filed May 20, 1941:

MARTIN, J. It appears from the complaint that on April 25, 1929, defendant Weissinger gave his promissory note for $8,000 to the plaintiff, and deposited as collateral certain shares

of stock of Builders Needs, Inc., a corporation in which defendants were majority stockholders, holding a controlling interest. It is alleged that the loan was made to enable Weissinger to pay for his subscription to the stock of said corporation. Defendant Gotfredson executed the following guarantee of payment:

"For value received, I hereby guarantee payment of the within note at maturity or at any time thereafter waiving presentment, demand, protest and notice of nonpayment."

At the time of executing the note an agreement between plaintiff and defendant Weissinger was entered into providing for repayment of the $8,000 loan in instalments of $100 per month during the first two years and for the final payment of $5,600 at the maturity of said note. Each of the defendants executed to the plaintiff an assignment of a life insurance policy issued to each of them by the Northwestern Mutual Life Insurance Company as collateral security for present and future indebtedness. On January 23, 1932, defendant Gotfredson consented in writing to an extension (to April 25, 1932) of payment by defendant Weissinger, who had failed to pay the instalments for several months, which consent in part provides:

"Now, therefore, for value received, and in consideration of said payee [plaintiff] forbearing to declare the entire principal sum due, said guarantor, the undersigned, Henry Gotfredson, hereby consents to the foregoing extension of payment as herein provided, agreeing that said guaranty shall remain in full force and effect; it being understood that such extension shall in no wise discharge said guarantor from liability under the guaranty of said note."

On September 7, 1932 (Weissinger still owing the sum of $5,477.35 which was then past due and desiring an extension), the defendant Gotfredson executed the following instrument consenting that the payee (plaintiff) and the maker (Weissinger) "may enter into any extension of time extend-

ing payment of principal and interest under the within note without any further consent of the undersigned guarantor [Gotfredson], the said guarantor agreeing that said guarantee shall remain in full force and effect, and that any such extension agreement shall in no wise discharge said guarantor from liability under the guarantee of said note; provided, however, that as a condition precedent for suit against the undersigned guarantor said payee, or his assigns, shall give fifteen (15) days' notice in writing to said guarantor demanding the payment of any principal and interest due under said note and upon the termination of said fifteen (15) day period said payee may bring suit against said guarantor for any amount of principal and interest remaining unpaid under said note and the guarantee thereof." The consideration for the foregoing consent and agreement was stated to be:

"Now, therefore, for value received, and in consideration of said payee [plaintiff] forbearing at this time to sue said maker and said guarantor for said principal sum of $5,477.35. . . ."

Defendant Weissinger paid instalments on the note indebtedness to June 24, 1932. He made no further payments of principal or interest since said date.

Builders Needs, Inc., paid the accruing premiums on the life insurance policies between April 25, 1929, and April 25, 1932. Said corporation became insolvent in the early part of 1932 and was later adjudicated a bankrupt and liquidated. On different occasions beginning May 18, 1932, plaintiff, at the request of defendants, paid the annual premiums accruing on their life insurance policies, which had been assigned to the plaintiff as collateral security. The plaintiff continued to make such premium advances on the Weissinger policy to and including May 17, 1938; and on the Gotfredson policy, to and including May 20, 1934. On the occasion of each payment, the amount of the premiums paid were added to the indebtedness on the note, and defendants informed thereof. It further

appears that as and when plaintiff made premium payments on the Weissinger policy, and as a part of the same transaction, defendant Weissinger gave his promissory note to the defendant Gotfredson in the amount of the premium so paid by the plaintiff, to maintain the value of the Weissinger policy which he had theretofore assigned to Gotfredson, subject to the prior assignment of the plaintiff.

On July 31, 1934, Gotfredson reimbursed plaintiff in the sum of $358.20 on account for premiums advanced on his insurance policy. On April 23, 1936, an agreement was entered into between the plaintiff and defendants whereby the interest rate was reduced from six per cent to five per cent per annum. On July 15, 1937, an agreement was entered into between the plaintiff and defendants whereby instalments of $100 every three months were to be paid by Weissinger, commencing in October, 1937, and ending in October, 1938, at which later date other arrangements for payment were to be made. In this connection it is alleged that in consideration thereof plaintiff agreed to meanwhile forbear demanding payment of the total indebtedness and agreed to keep said policy, insuring the life of defendant Weissinger, in force throughout said period, and advance and pay the accruing premiums thereon for said defendants, all of which was done and performed by plaintiff accordingly; that on April 15, 1938, defendant Gotfredson offered plaintiff a deed to certain incumbered real estate of said defendant, located in the city of Milwaukee, in part payment of said indebtedness. On June 12, 1940, plaintiff made a written demand upon Gotfredson to pay the amount owing on the note by July 1, 1940. Said defendant has failed to make any payment on the note and defendant Weissinger is in default.

Defendant Gotfredson contends that the plaintiff's action is barred by the six-year statute of limitations, and that there are no allegations in the complaint which would toll the running of the statute of limitations. So far as the note is con-

cerned, this contention presents the only question on this appeal.

Gotfredson argues that plaintiff's right of action against him accrued at the maturity of the note. That fact does not establish that the statute of limitations has run in his favor. His consent to an extension of the time for payment, Exhibit F, printed in the margin,[1] must be read in connection with the following allegations in paragraph 7 of the complaint:

"That on account of the bankruptcy of said Builders Needs, Inc., and pending suits against defendants for large sums for their unpaid subscriptions to the corporate stock of said Build-

[1] Exhibit F. Consent of guarantor.

"Whereas, Emil C. Weissinger, as maker, for value received, did execute and deliver his certain promissory note dated April 25, 1929, payable on or before three years after date, to the order of Dr. C. E. Albright, in the principal sum of eight thousand dollars ($8,000), with interest at the rate of six per cent (6%) per annum, payable semiannually, to which promissory note certain collateral security was deposited with the payee; and

"Whereas, the undersigned, Henry Gotfredson, did, for value received, guarantee payment of the said promissory note at maturity or at any time thereafter, waiving presentment, demand, protest, and notice of nonpayment; and

"Whereas, by arrangement between the said maker and the said payee, said payee agreed to pay one hundred dollars ($100) per month on account of principal and interest of said note during the first year; one hundred dollars ($100) per month on account of principal and interest of said note during the second year; and one hundred dollars ($100) per month on account of principal and interest of said note during the third year; and the balance to be paid at the maturity of the note; and

"Whereas, said maker has been unable to make the one hundred dollar ($100) monthly payments during the year from April 25, 1931, to April 25, 1932, except that a payment of three hundred forty-six and 65/100 dollars ($346.65) was received to apply on the interest and principal of said note from the trustee's account in the Badger State Bank on June 25, 1932, leaving a balance due on the principal of said note of five thousand four hundred seventy-seven and 35/100 dollars, and with interest due thereon from June 25, 1932, and said maker has been unable to make the payment of principal in the amount of five thousand four hundred seventy-seven and 35/100 dollars ($5,477.35), and is desirous of securing an extension of time for the payment of the principal and interest thereon, and the said payee is willing to grant such extension, provided such guarantor, the undersigned, is willing to consent thereto,—

ers Needs, Inc., and other indebtedness to the corporation, and on account of their distressed financial condition, plaintiff, at the special instance and request of *defendants,* granted defendant, E. C. Weissinger, an extension of time within which to pay the remainder of said indebtedness [on the note] and to reimburse the plaintiff for advances of insurance premiums on said policies; that as a part of the same transaction, defendant, Henry Gotfredson, consented thereto in writing, copy of which is hereto attached and part hereof and marked Exhibit F."

The learned trial court held that the extension agreement of September 7, 1932 (Exhibit F, printed in margin) kept alive the liability of Gotfredson as guarantor. It it quite obvious from the allegations of the complaint, that when the extension agreement was made, the defendant Weissinger was out of the picture, financially speaking. It was payday for the guarantor. He granted the extension, and in so doing, protected himself by requiring that the plaintiff give him a fifteen-day notice in writing of a demand for payment, both as to the principal and interest due on the note, before instituting legal proceedings. The fifteen-day notice was made a condition precedent to suit.

---

"Now, therefore, for value received, and in consideration of said payee forbearing at this time to sue said maker and said guarantor for said principal sum of five thousand four hundred seventy-seven and 35/100 dollars ($5,477.35) said undersigned guarantor, Henry Gotfredson, hereby consents that the payee of said note, or his assigns, and the maker thereof may enter into any extension of time extending payment of principal and interest under the within note without any further consent of the undersigned guarantor, the said guarantor agreeing that said guarantee shall remain in full force and effect, and that any such extension agreement shall in no wise discharge said guarantor from liability under the guarantee of said note; provided, however, that as a condition precedent for suit against the undersigned guarantor said payee, or his assigns, shall give fifteen (15) days' notice in writing to said guarantor demanding the payment of any principal and interest due under said note and upon the termination of said fifteen (15) day period said payee may bring suit against said guarantor for any amount of principal and interest remaining unpaid under said note and the guarantee thereof.

"Dated at Milwaukee, Wisconsin, this 7th day of September, 1932.

"HENRY GOTFREDSON."

"Where some condition precedent to the right of action exists, whether it be a demand and refusal or some other act or contingency, the cause of action does not accrue, nor the statute begin to run, until that condition is performed." *Ott v. Boring,* 131 Wis. 472, 482, 110 N. W. 824, 111 N. W. 833. See cases cited.

Defendant Gotfredson argues that under the extension agreement (Exhibit F) he agreed to an extension between plaintiff and defendant Weissinger *if they should enter into one* but that no valid extension was ever entered into. The complaint specifically alleges that plaintiff, at the special instance and request of the *defendants,* granted defendant Weissinger an extension of time within which to pay. The demurrer admits the fact.

Defendant Gotfredson further argues that since the extension agreement fails to designate a fixed time for payment, the note, as extended, was payable on demand, citing sec. 116.11 (2), Stats.; *Accola v. Giese,* 223 Wis. 431, 271 N. W. 19; and *Phelan v. Fitzpatrick,* 84 Wis. 240, 54 N. W. 614. These authorities are not applicable here for the reason that the extension provides that the plaintiff, or his assigns, shall give fifteen days' notice in writing to said guarantor, demanding payment of the principal or interest due on said note, and that upon the termination of the fifteen-day period, the payee, plaintiff, may bring suit. *Ott v. Boring, supra.*

The time of making the demand was optional with the plaintiff. From the allegations of the complaint it is obvious that a considerable delay was contemplated by the parties in view of the financial circumstances of the defendants. In such a situation the statute of limitations does not begin to run until after the lapse of a reasonable time within which to make the demand. *Andrews v. Andrews,* 170 Minn. 175, 212 N. W. 408, 51 A. L. R. 542, 546; *Johnston v. Keefer,* 48 Idaho, 42, 280 Pac. 324, 325; *Wilson v. Iowa Southern Utilities Co.* 228 Iowa, 724, 293 N. W. 77, 80, 81; also see note in 120 A. L. R. 768, 769.

The extension agreement was executed by defendant Gotfredson on September 7, 1932. On June 12, 1940, plaintiff made a written demand upon him that he pay the remainder of the principal and interest due and owing on the note on or before July 1, 1940. Whether the demand was made within a reasonable time would necessarily depend upon the facts and circumstances to be brought out upon the trial. If that be an issue in the case, it cannot be disposed of upon this appeal from the order overruling the demurrer.

Gotfredson also argues that there was no consideration for the extension as between the plaintiff and the principal debtor, Weissinger. While it is clear that there was a valid consideration as between them for this extension, the immediate question is whether there was a valid consideration for the extension on the part of Gotfredson so as to keep his liability alive. His liability was upon his own separate undertaking. It was a several, not a joint liability. *Zuehlke v. Engel,* 229 Wis. 386, 282 N. W. 579. In the instant case we are not dealing with the ordinary relationship of a guarantor. When Gotfredson signed the extension agreement the note was past due, but the statute of limitations would not have run until April 25, 1938. However, he could have been sued upon the note immediately upon its maturity. At that time he was a debtor to the plaintiff for the amount due.

"A guaranty of the payment of a note or debt is an absolute undertaking on the part of the guarantor for a valuable consideration, to pay the debt at maturity in case the principal debtor does not; and the guarantee in such case may sue the guarantor at once if the debt is not paid at maturity." *Bishop v. Genz,* 212 Wis. 30, 31, 248 N. W. 771.

He not only made a written acknowledgment of his indebtedness to the plaintiff as guarantor, but in his own behalf he arranged with the plaintiff for an extension of time of payment, and specifically provided for a fifteen-day notice of written demand before suit could be commenced. This agreement takes the case out of the operation of the statute of

limitations under sec. 330.47, Stats. That there was a valid consideration for the extension agreement is clearly shown by the following authorities: *Eycleshimer v. Van Antwerp,* 13 Wis. *546, *547; *Messenger v. Miller,* 2 Pin. 60, 63; *Greene v. Minn Billiard Co.* 170 Wis. 597, 600, 176 N. W. 239; *Briggs v. Miller,* 176 Wis. 321, 326, 186 N. W. 163; *State ex rel. Regez v. Blumer,* 236 Wis. 129, 294 N. W. 491; *Gegare v. Fox River Land & Loan Co.* 152 Wis. 548, 557, 140 N. W. 305; *Fanning v. Murphy,* 126 Wis. 538, 556, 558, 105 N. W. 1056; *Estate of Hatten,* 233 Wis. 199, 219, 288 N. W. 278; *Onsrud v. Paulsen,* 219 Wis. 1, 3, 4, 261 N. W. 541; 1 Page, Contracts (2d ed.), sec. 514; Restatement, 1 Contracts, § 75; and 13 C. J. p. 311.

It appears from the allegations of the complaint (paragraph 7) and Exhibit F, printed in the margin, that in addition to the granting of the extension to the defendant Weissinger, the defendant Gotfredson, who was the promisor under Exhibit F, was granted a benefit by the forbearance which he otherwise would not have been entitled to, for he could have been sued immediately.

In *Onsrud v. Paulsen, supra,* action on the original indebtedness would have been barred were it not for an extension (evidenced by a new note) given by the husband of the deceased payee. The husband's executrix brought the action. Defendant's contention that there was no consideration for the new note was overruled on the ground that the forbearance of a legal right, such as the right which the husband had to qualify himself as administrator of his wife's estate, and to immediately bring action against the defendant on the original note, and that the granting of an extension for payment of the amount due constituted a good and sufficient consideration for the note in suit. See also notes in 85 A. L. R. 327, and 120 A. L. R. 765, 767.

It also appears from the complaint that both defendants benefited from the original transaction by which plaintiff loaned the $8,000 to defendant Weissinger. It enabled him

to pay for subscriptions to the capital stock of the Builders Needs, Inc., a corporation controlled by both defendants. This, and the fact that Gotfredson immediately assigned to the plaintiff, as security, his own life insurance policy, indicates that he received pecuniary benefit to his interest in the corporation sufficient to give rise to a moral obligation on his part to pay for that which he received. A moral obligation is a sufficient consideration to support his promise made in Exhibit F, even if plaintiff could not have maintained an action on the original guaranty. *Park Falls State Bank v. Fordyce,* 206 Wis. 628, 636, 637, 238 N. W. 516; *Elbinger v. Capitol & Teutonia Co.* 208 Wis. 163, 164, 165, 242 N. W. 568; *Estate of Smith,* 226 Wis. 556, 560, 277 N. W. 141; *Estate of Hatten, supra.*

The complaint shows that the extensions granted by plaintiff occurred because of acts in which Gotfredson, as an absolute guarantor, intentionally participated for the purpose of inducing an extension of credit. Such acts operated to continue the debt as a recognized obligation. *Bowe v. La Buy,* 215 Wis. 1, 3, 253 N. W. 791.

From the foregoing it follows that the complaint states a good cause of action on the note and that the statute of limitations does not bar the plaintiff's right to recover the balance due. Therefore, the order of the trial court overruling the demurrer must be sustained.

While it becomes unnecessary to determine the effect of the several advancements of premiums by the plaintiff and his adding the amount so paid to the indebtedness on the note with defendants' knowledge, it does appear that on July 31, 1934, Gotfredson reimbursed plaintiff in the sum of $358.20 on account of the insurance premiums advanced. This action was commenced on July 29, 1940, within six years from the date of Gotfredson's payment on account of the insurance premiums advanced.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on July 7, 1941.