Spellbrink, Receiver, Appellant, vs. Bramberg, Respondent.

*February 16—March 14, 1944.*

104

For the appellant there were briefs by *Sheldon & Freytag* of Elkhorn, and oral argument by *William A. Sheldon.*

For the respondent there was a brief by *Thorson, Seymour & Korf* of Elkhorn, and oral argument by *A. T. Thorson.*

BARLOW, J. To sustain the position that the bar of the statute of limitations does not apply, plaintiff's counsel argues that liability under this guaranty is broader in scope than the liability of the principal and must be construed to remain in force and effect until payment is made. It is also argued that all loans constitute but one account under the guaranty and the statute would not run until maturity of the last item. We are unable to agree with counsel's position. While the language of the guaranty should be examined for the purpose of determining its intent and purpose, there is nothing in the instrument to support plaintiff's contention. Defendant guaranteed the full and prompt payment of the obligations of the Service Investment Trust as the same became due and payable. The notes in question became due and payable at different times. This court said in *Bishop v. Genz* (1933), 212 Wis. 30, 31, 248 N. W. 771, approving *Barry v. Minahan* (1906), 127 Wis. 570, 107 N. W. 488, as to the time when the statute of limitations begins to run against a guarantor of payment:

"It is elementary that a statute of limitations begins to run against a remedy at the time when the cause of action accrues, and that 'a cause of action accrues where there exists a claim capable of present enforcement, a suable party against whom

it may be enforced, and a party who has a present right to enforce it.' "

The guarantor in that case agreed to pay at maturity or at any time thereafter. The guaranty under consideration is for the prompt payment. The failure to pay any note when it became due created a cause of action in favor of the payee and against the maker and guarantors. Each note was a separate obligation governed by its terms. If separate guaranties had been executed for each note the question presented could not arise. The execution of a single instrument to cover all obligations of the Service Investment Trust, thus avoiding the obtaining of signatures of each guarantor for each loan, does not enlarge the guaranty unless specifically set forth in the instrument. Entering loans under one account in the liability register of the payee bank does not affect the due date of the items entered or change the nature of the obligations created. An account consisting only of charges and payments is not a mutual account. 39 A. L. R. 372, note; *Fitzpatrick v. Phelan* (1883), 58 Wis. 250, 16 N. W. 606.

Plaintiff claims that the defendant did not meet the burden of proof necessary to establish the defense of the statute of limitations. The defendant was not called as a witness but the plaintiff offered portions of the deposition of defendant taken before trial. While adverse examinations are not part of the record of the trial until they are offered, *Estate of Shinoe* (1933), 212 Wis. 481, 250 N. W. 505, an adverse examination or any portions offered and received at the trial become a part of the record and are subject to use by both plaintiff and defendant. *Lamberson v. Lamberson* (1921), 175 Wis. 398, 184 N. W. 708. It was proper for the court to consider the portion of the deposition of defendant offered during the trial.

From the portions offered and received in evidence it appears that due to ill-health defendant retired from business prior to the year 1929 and established a residence at Williams

Bay, Wisconsin, and that prior to the time President Roosevelt became a candidate for president he voted at Williams Bay, Wisconsin, and at all times he considered Williams Bay his permanent home. For more than forty years he had sojourned in Florida every winter from November to April, and he lived in his home at Williams Bay from April until November each year after establishing his home there. He owned no property in Florida. On his way to and from Florida he stopped in Oak Park, Illinois, where his daughter lived, and stayed with her a short time. On August 25, 1937, while in Chicago, defendant made an affidavit in an effort to make a compromise settlement of an obligation, setting forth his assets and liabilities, in which he stated his legal residence was in Oak Park, Illinois, and that he was temporarily residing in Lake Geneva, Wisconsin. He owned no real estate in Illinois. Plaintiff contends this affidavit established defendant's legal residence in Illinois at that time, and any time spent by the defendant in Wisconsin after that must be treated as a nonresident being temporarily present in Wisconsin.

This is an action on an instrument under seal executed without the state. Statutes applicable are as follows:

"Sec. 330.18 *Within ten years.* . . .

"(2) An action upon a sealed instrument when the cause of action accrued without this state, except those mentioned in section 330.19."

Sec. 330.19, Stats., contains exceptions which do not apply here.

Sec. 330.30, Stats., so far as applicable:

"If when the cause of action shall accrue against any person he shall be out of this state such action may be commenced within the terms herein respectively limited after such person shall return or remove to this state. But the foregoing provision shall not apply to any case where, at the time the cause of action shall accrue, neither the party against or in favor of

whom the same shall accrue is a resident of this state; and if, after a cause of action shall have accrued against any person, he shall depart from and reside out of this state the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action. . . ."

The evidence shows that the defendant established his residence in Wisconsin more than ten years prior to the commencement of this action. The mere sojourning in Florida for the winter months as a tourist is not equivalent to a residence there, and this is especially true where he maintained his residence property in Wisconsin during the entire period. The defendant made regular trips to Florida, and whether for business or purposes of pleasure, if he continued to reside and have his legal domicile here, the time cannot be deducted in computing the statutory bar. *Farr v. Durant* (1895), 90 Wis. 341, 63 N. W. 274; *Taylor v. Thieman* (1907), 132 Wis. 38, 111 N. W. 229; *Murphy v. Burns* (1934), 216 Wis. 248, 257 N. W. 136.

The court found that the defendant was a legal resident of Wisconsin for more than ten years prior to the institution of this action. The question of defendant's residence is one of fact, and under the familiar rule a finding of fact by the trial court must be accepted if not against the clear preponderance of credible evidence. The weight to be given to the affidavit of defendant made in 1937, wherein he said his residence was in Oak Park, Illinois, was for the trial court. The place of residence set forth in the affidavit was not material or important. It was made for the purpose of effecting a compromise of an obligation of the defendant, and the important facts were the property that he owned and his obligations. The place of residence in Wisconsin was erroneously given as Lake Geneva, when in fact it was Williams Bay. The court gave consideration to all of the facts and concluded that not only the legal residence but the actual residence of defendant

was within the state of Wisconsin for more than ten years prior to the commencement of the action. It is considered there is ample evidence to sustain the finding of the trial court.

On the motion to review respondent calls attention to the fact that the notes were signed " 'Union Bank of Chicago as Trustee' under the provisions of a trust agreement dated the 5th day of February, 1924, and known as Trust No. 411, to bind the trust estate and not individually." While the guaranty covered the obligations of the Service Investment Trust, the declaration of trust was dated February 5, 1924, and the evidence is that No. 411 was assigned to Service Investment Trust by the Union Bank of Chicago as a matter of convenience. The liability ledger sheets of the Service State Bank identify this account as "Service Investment Trust" and as "Union Bank of Chicago, Trustee under Trust Agreement No. 411," and show that the proceeds of the loans were credited to the account of Service Investment Trust and that it received the benefit of said loans. The evidence clearly establishes that the notes were given for loans to Service Investment Trust irrespective of the manner of execution.

The declaration of trust authorized the trustee to borrow money "upon written direction of the trust manager and only upon such written direction." The proof was made by secondary evidence. There is evidence that the original written directions could not be produced but the trust manager issued them. The sufficiency of the evidence on preliminary proof of the loss or destruction of primary evidence rests in the sound discretion of the trial court whose determination generally will not be disturbed by an appellate court, although it is reviewable and may be overruled where abuse of discretion amounting to error of law appears. 32 C. J. S. p. 772. It is considered there was no abuse of discretion on the part of the trial court.

Defendant contends that under the laws of Illinois the principal obligation is discharged because of the running of the statute of limitations and that therefore this defendant is dis-

charged. We do not understand this to be the rule in Illinois. In *Fleming v. Yeazel* (1942), 379 Ill. 343, 40 N. E. (2d) 507, the court said sec. 16 of the Limitations Act, which is similar to the statute of limitations in this state, applies entirely to the remedy and nothing therein indicates that it was the legislative intention that the debt should be extinguished. This is in accord with the rule in this state. *Banking Comm. v. Buchanan* (1938), 227 Wis. 544, 279 N. W. 71. The plaintiff seeks to recover from the defendant on a note where the statute of limitations has not run against this defendant. Whether the plaintiff has a right of action against the original maker is not in issue. It is seeking to recover an indebtedness from the defendant which still exists against the original maker.

Consideration has been given to other questions raised in the briefs but we do not consider it necessary to discuss them in this opinion.

*By the Court.*—Judgment affirmed.