HOLIFIELD (Darressie), Special Administratrix of the Estate of Warren Holifield, Appellant, v. SETCO INDUSTRIES, INC., and another, Respondents: SIMONDS ABRASIVE COMPANY and another, Defendants.

*No. 278. Argued May 6, 1969.—Decided June 3, 1969.*
(Also reported in 168 N. W. 2d 177.)

751

For the appellant there were briefs by *Brady, Tyrrell, Cotter & Cutler,* and *Lewis I. Cohen,* attorneys, and *Peter W. Bunde* and *Michael J. Spector* of counsel, all of Milwaukee, and oral argument by *Mr. Bunde.*

For the respondent Setco Industries, Inc., there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *William H. Frazier* of counsel, all of Milwaukee, and oral argument by *Mr. Frazier.*

For the respondent John A. Staley there was a brief and oral argument by *Thomas F. Carroll* of Milwaukee.

ROBERT W. HANSEN, J. When does the statute of limitations begin to run in a products liability action? In an action for negligent manufacture? In a wrongful death action based on product liability or negligent manufacture? If the statute commences to run when the product was sold, the negligent act involved, the demurrers were properly sustained. If the statute does not commence to run until the accident and resultant injury occur, the demurrers, insofar as they are based on the statute of limitations, would have to be overruled.

*Statutes Involved.*

The Wisconsin statutes here involved, in pertinent part, provide:

"893.14. The following actions must be commenced within the periods respectively hereinafter prescribed *after the cause of action has accrued* . . ."

"893.205. Within 3 years: (1) An action to recover damages for injuries to the person for such injuries sustained on or after July 1, 1955 . . . (2) An action brought to recover damages for death caused by the

wrongful act, neglect or default of another where death resulted on or after July 1, 1955." (Emphasis supplied.)

*Cause of Action.*

The term "cause of action" is not statutorily defined. One text writer has defined it as a ". . . group of facts which give rise to one or more rights to relief." [1] A lay person might put it differently, concluding that a person has a "cause of action" when he can come into court, plead and prove certain facts and secure the relief requested. This court has put this summarization in legal terminology, stating:

" 'A cause of action accrues where there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it.' " [2]

As to the various causes of action here involved, when did such first occasion or opportunity to come to court and succeed occur? To answer that question, one must inquire into the essential elements of the particular cause of action relied upon.

*Products Liability.*

Concerning the cause of action based upon strict products liability, in *Dippel v. Sciano,*[3] this court specified what elements the plaintiff was required to prove to establish a valid cause of action:

"From a reading of the plain language of the rule, the plaintiff must prove (1) that the product was in defective condition when it left the possession or control of the seller, (2) that it was unreasonably dangerous to

---

[1] James, *Civil Procedure,* p. 76, sec. 2.9 (1963), citing Clark, *Code Pleading,* p. 137, sec. 19 (1947).

[2] *Barry v. Minahan* (1906), 127 Wis. 570, 573, 107 N. W. 488, quoted with approval in *Bishop v. Genz* (1933), 212 Wis. 30, 31, 248 N. W. 771, and in *Spellbrink v. Bramberg* (1944), 245 Wis. 103, 107, 13 N. W. 2d 600.

[3] (1967), 37 Wis. 2d 443, 155 N. W. 2d 55.

the user or consumer, (3) that the defect was a cause (a substantial factor) *of the plaintiff's injuries or damages,* (4) that the seller engaged in the business of selling such product or, put negatively, that this is not an isolated or infrequent transaction not related to the principal business of the seller, and (5) that the product was one which the seller expected to and did reach the user or consumer without substantial change in the condition it was when he sold it." (Emphasis supplied.) [4]

The third element not only presupposes that injuries have been sustained, but requires the fact of such injuries and damages as an essential element of the cause of action. It follows that a cause of action in tort, based on the *Dippel Case,* does not accrue until someone has been injured. Warren Holifield is alleged to have sustained injury on November 23, 1965. Until such date of injury all essential elements of a cause of action based on *Dippel* were not present, so it is as of such date of injury that the statute of limitations began to run because it is as of that date that the cause of action under *Dippel* accrued.

*Negligent Manufacture.*

Concerning the cause of action for damages for negligent manufacture, the same reasoning leads to the same result. Here, as with the products liability cause of action, we begin with the statutory rule providing that a statute of limitations begins to run against a remedy at the time when the cause of action accrues.[5] The general rule is that damages are an essential element of a cause of action founded on negligence.[6] One text writer traces the requirement of damages as an

[4] *Id.* at page 460.

[5] *Supra,* footnote 2.

[6] *See Schwartz v. Heyden Newport Chemical Corp.* (1963), 12 N. Y. 2d 212, 188 N. E. 2d 142, 237 N. Y. Supp. 2d 714, 4 A. L. R. 3d 814, amended 12 N. Y. 2d 1073, 190 N. E. 2d 253, 239 N. Y. Supp. 2d 896, certiorari denied, 374 U. S. 808, 83 Sup. Ct. 1697, 10 L. Ed. 2d 1032.

essential element of a negligence action to the common law to the historical antecedent of the present day negligence action.[7] No case in Wisconsin is squarely in point, but the following general statement is applicable:

"It is apparent that the ultimate question being investigated in cases like this is whether or not the defendant is liable to the plaintiff in damages. Stated in terms often employed, this liability follows as a matter of law in the absence of contributory negligence or intervening cause when certain basic facts are ascertained: (1st) Did the defendant fail to exercise ordinary care? (2d) Except in a certain class of cases referred to later, under the circumstances of the case, should the defendant, as a reasonably prudent person, have anticipated that the act would probably *cause damage to another?* (3d) Was the act complained of the cause in a legal sense *of plaintiff's injury?* One is prompted to say, why not submit to the jury the simple question, Was the defendant careless *as a result of which the plaintiff sustained the injuries complained of?* The question, however, immediately arises, What is carelessness and when is an act the cause of the injury complained of? In answering these questions it would be necessary to define a new set of terms and we would return to the starting point." [8] (Emphasis supplied.)

It is the fact and date of injury that sets in force and operation the factors that create and establish the basis for a claim of damages. It is true that, without an act of negligence, no claim for damages based on negligence can arise. It is likewise true that, without the result of injury, no claim for damages based on negligence can be asserted, or at least successfully asserted. Both the act of negligence and the fact of resultant injury must take place before cause of action founded on negligence can be said to have accrued. In the case before us, Holifield's injury occurred on November 23, 1965, and on that date the statute of limitations began to run.

[7] Prosser, *Torts*, p. 146, sec. 30 (3d ed. 1964).

[8] *Osborne v. Montgomery* (1931), 203 Wis. 223, 230, 231, 234 N. W. 372.

*As to Wrongful Death.*

The argument that the action for wrongful death is likewise barred by the running of the statute of limitations is a hitchhiker argument. If Warren Holifield could not have brought an action against the defendants if he had lived, then an action for wrongful death cannot be brought by his estate or, as here, by the special administratrix. If the "if" is established, the conclusion follows. The statute so provides.[9] However, under the interpretation of when the cause of action accrued, above set forth, it is clear that Warren Holifield could have brought the action for damages for injuries had he lived. Since he would not have been barred by the applicable statute of limitations, the special administratrix of his estate is not barred, provided, of course, the action is brought within three years of the death, as was here done.

*Public Policy Considerations.*

Stress in respondents' briefs and emphasis on oral argument is given to the heavy and continuing responsibility placed upon sellers of defective products by the holding that the statute of limitations does not run until the date of actual injury. It is argued that "To hold a seller of a defective product liable for an indefinite period of time after the sale of such product would do violence to the principles of justice." Appellant concedes the hardships imposed upon a defendant by compelling him to meet a claim involving his actions many years before the date of resultant injury, but argues ". . . it would be even more undesirable and unjust to bar a

---

[9] Sec. 895.03, Stats., provides: "Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured; . . ."

plaintiff's remedy before his cause of action existed, . . ." which is, according to one case, ". . . infinitely more abhorrent to logic and justice." [10]

Such arguments, pro and con, as to what limitations on bringing to court actions based on products liability and negligent manufacture will best serve the public interest are for the legislature, not the courts, to consider. We have sought to interpret and apply the law as it now is, not the law as we might want it to be. It is not the judicial role to draft statutes. However, in view of the predictable increase in the number of cases involving products liability, it is proper and indicated to suggest to the legislature that it review the whole matter of the time limit on actions against manufacturers or sellers of defective products to balance the equities and to determine the question of public policy raised. It is up to the legislature to decide if this is to be a special category of cases to be treated in a special way.

*The Medical Malpractice Cases.*

In urging a different result, respondents rely heavily, as did the trial court, upon cases dealing with medical malpractice causes of action. Particularly, the reliance is upon the *McCluskey Case.*[11] There the plaintiff alleged that the defendant surgeon was negligent in that he failed to remove a hemostat from the plaintiff following an operation. The fact that the hemostat had been left in the plaintiff's abdominal area had not been discovered until six years after the first operation. This court held that the statute of limitations commenced running as of the date of the malpractice.

The application of limitation statutes to medical malpractice situations does not establish a general rule that

[10] *Hughes v. Eureka Flint & Spar Co., Inc.* (1939), 20 N. J. Misc. 314, 316, 26 Atl. 2d 567, quoted with approval in *Rosenau v. New Brunswick* (1968), 51 N. J. 130, 238 Atl. 2d 169.

[11] *McCluskey v. Thranow* (1966), 31 Wis. 2d 245, 142 N. W. 2d 787. *See also Reistad v. Manz* (1960), 11 Wis. 2d 155, 105 N. W. 2d 324; and *Lotten v. O'Brien* (1911), 146 Wis. 258, 131 N. W. 361.

such statutes run from the time of the negligent act in all negligence cases. In at least the medical malpractice cases that have come to this court three points in time were involved: the time of the negligent act, the time of injury, the time of discovery. The date of negligence and the date of injury were the same date. That the injury did not become noticeable or was not in fact noticed until a later date is another question. The court was not separating time of negligence from time of injury. Where both were simultaneous, it was holding that the statute of limitations runs from that date, the time at which the cause of action must be concluded to have accrued.

*Superseding Cause.*

The last issue in this case is whether employer Grede's exclusive possession and control of the product involved for a ten-year period of time constitutes as a matter of law a superseding cause. So contending, defendant Staley demurred to the complaint on this ground, and such demurrer was sustained by the trial court. The demurring party relies upon sec. 452, Restatement, 2 *Torts* 2d, providing:

"(1) Except as stated in Subsection (2), the failure of a third person to act to prevent harm to another threatened by the actor's negligent conduct is not a superseding cause of such harm.
"(2) Where, because of lapse of time or otherwise, the duty to prevent harm to another threatened by the actor's negligent conduct is found to have shifted from the actor to a third person, the failure of the third person to prevent such harm is a superseding cause."

We do not read this to recommend that the mere lapse of time, standing alone, is sufficient of itself to establish the failure of a third party, here the employer, Grede, to act to prevent harm through use of a negligently manufactured or inherently dangerous product. The comment

to the section involved indicates it was not so intended.[12] If the Restatement proposal is read, as the comment indicates, to include lapse of time as a relevant factor on the issue of superseding cause, it makes evident sense. If it were to be read as making lapse of time the only relevant factor, it would go too far. For example, if no more, the element of foreseeability of risk of harm is also involved. If a piece of equipment were in daily use over a period of years, some such knowledge of inherent danger and likelihood of injury to others might arise. If the piece of equipment was stored in a garage, uncrated, its first use after a period of years would put the purchaser in no different position than if he had used the equipment the first day after he purchased it. Whether the employer Grede was negligent and whether such negligence was a superseding cause may well, if properly pleaded, be a defense available to defendant Staley. It is not available by way of demurrer to the complaint. Such defense is nowhere in the complaint, and cannot be put there by demurrer.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.

---

[12] "It is apparently impossible to state any comprehensive rule as to when such a decision will be made. Various factors will enter into it. Among them are the degree of danger and the magnitude of the risk of harm, the character and position of the third person who is to take the responsibility, his knowledge of the danger and the likelihood that he will or will not exercise proper care, his relation to the plaintiff or to the defendant, the lapse of time, and perhaps other considerations. The most that can be stated here is that when, by reason of the interplay of such factors, the court finds that full responsibility for control of the situation and prevention of the threatened harm has passed to the third person, his failure to act is then a superseding cause, which will relieve the original actor of liability." Sec. 452, Restatement, 2, *Torts* 2d, p. 490.